**BOARD OF COUNTY COMMISSIONERS, Jefferson County, a body politic and corporate, Plaintiff–Appellee,**

v.

**SOUTHWEST METROPOLITAN WATER AND SANITATION DISTRICT, Meadowbrook–Fairview Metropolitan District, Meadowbrook Water District, Willowbrook Water and Sanitation District, Bear Creek Water and Sanitation District, Fruitdale Sanitation District and Valley Water District, Defendants–Appellants,**

**and**

**PLATTE CANYON WATER AND SANITATION DISTRICT, a quasi-municipal corporation of the State of Colorado, Plaintiff–Appellant,**

v.

**The BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, a body politic and corporate, Defendant–Appellee.**

No. 93CA1103.

Colorado Court of Appeals,
Div. V.

Aug. 11, 1994.

Rehearing Denied Oct. 13, 1994.

Certiorari Granted June 5, 1995.

Ellen G. Wakeman, Acting County Atty., Office of the County Atty., Golden, for plaintiff-appellee and defendant-appellee Bd. of County Com'rs.

Flynn & Flynn, Timothy J. Flynn, Englewood, for defendant-appellant Southwest Metropolitan Water and Sanitation Dist. and plaintiff-appellant Platte Canyon Water & Sanitation Dist.

Donald D. Vogt, Morrison; Michael D. Boster, Denver, for defendants-appellants Meadowbrook–Fairview Metropolitan Dist. and Willowbrook Water and Sanitation Dist.

Michael D. Boster, Denver, for defendant-appellant Bear Creek Water and Sanitation Dist. and Valley Water Dist.

Opinion by Judge NEY.

Defendants, Southwest Metropolitan Water and Sanitation District, Meadowbrook– Fairview Metropolitan District, Meadowbrook Water District, Willowbrook Water and Sanitation District, Bear Creek Water and Sanitation District, Fruitdale Sanitation District and Valley Water District, and plaintiff, Platte Canyon Water and Sanitation District, (districts) appeal the summary judgment entered in favor of the Board of County Commissioners of Jefferson County (Board). We affirm.

The Board initiated two roadway improvement projects which necessitated the relocation of water lines owned by two of the districts. It then sought to compel those districts to assume the substantial costs of relocation.

When the districts refused to pay the relocation costs, the Board and one of the districts brought separate actions for declaratory relief. Those actions were consolidated, and the remainder of the districts intervened. The trial court determined that the affected districts must bear the relocation costs. This appeal follows.

■ The districts contend that the trial court erred in holding *City & County of Denver v. Mountain States Telephone & Telegraph Co.*, 754 P.2d 1172 (Colo.1988) as dispositive in charging them the costs of relocation. We disagree.

■ In *Mountain States, supra,* our supreme court held that a municipality may compel privately owned public utilities to relocate their facilities from the public right-of-way at their own cost whenever such relocation is necessitated by the municipality's reasonable exercise of police power to regulate the health, safety, or welfare of its citizens. The *Mountain States* court reasoned that a utility's right to locate its facilities on or beneath a public right-of-way is impliedly limited by those municipal services which further the health, safety, or welfare of its citizens.

The districts attempt to distinguish the *Mountain States* holding on the basis that it involved a privately-owned public utility, while the parties here are all public entities. The districts assert that, because the competing parties of the county and the districts are

both public, the *Mountain States* rule is not applicable here, and they urge this court to consider the equities of the parties in determining which entity is to pay for the relocation of the districts' lines.

We recognize that, under some circumstances, inequitable results will occur in the application of *Mountain States* to competing governmental interests. We conclude, however, that to hold otherwise, as the districts urge, would place the determination of cost shifting in perpetual limbo resulting in continuous litigation. The resolution which the districts propose must be sought in the General Assembly, and without legislative direction, a bright line rule is preferable.

We therefore conclude that the *Mountain States* rule is not dependent on the distinction urged by the districts and that rule is therefore dispositive here.

The judgment is affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.